# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**September 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-0292** (Fayette County 14-F-190)

**David A. Thompson,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner David A. Thompson, by counsel Michael T. Clifford, appeals the Circuit Court of Fayette County's March 2, 2015, order sentencing him to prison for two counts of delivery of a controlled substance and one count of felony conspiracy. The State, by counsel Nic Dalton, filed a response in support of the circuit court's order. On appeal, petitioner argues that (1) the circuit court erred in denying his motion for judgment of acquittal as there was allegedly insufficient evidence to support the guilty verdict;[1] (2) his trial counsel was constitutionally ineffective; and (3) the circuit court erred in failing to strike several prospective jurors for cause.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2014, petitioner and his brother were indicted in Fayette County, West Virginia, on three felony counts: one count of conspiracy and two counts of delivery of a controlled substance. Both counts of delivery of a controlled substance were alleged to have occurred on June 24, 2013.

In November of 2014, petitioner's jury trial commenced. During voir dire, petitioner's trial counsel informed the jury panel that he (petitioner's counsel) had law enforcement officers in his family and that he trusted them, and he asked the jury panel if they, too, trusted law enforcement officers. One prospective juror raised his hand in the affirmative, and that prospective juror was not ultimately seated on petitioner's jury. Two other prospective jurors

---

[1]In his brief to this Court, petitioner refers to his motion as one for a "directed verdict and [j]udgment of acquittal[.]" However, as set forth in Rule 29 of the West Virginia Rules of Criminal Procedure, "[m]otions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place." Therefore, we refer to the same as a motion for judgment of acquittal.

stated that they knew an officer involved in petitioner's arrest, Sergeant Chris Young of the Oak Hill City Police Department. One of the prospective jurors also noted that she worked as a Fayette County Magistrate Court assistant and knew the prosecuting attorney. Both jurors stated that they could render an impartial verdict, but they were both struck by peremptory challenge and did not sit on the jury that decided petitioner's case. Another prospective juror stated that he was a law enforcement officer with more than twenty years of experience and had served as the chief of police for the City of Fayetteville, West Virginia, for a number of those years. When asked whether he would be biased for or against petitioner, he stated that he would be biased "[a]gainst." That prospective juror was excused for cause.

At trial, the jury heard testimony from a confidential informant ("CI") that she made two controlled buys of cocaine on June 24, 2013, with marked money provided by law enforcement officers. According to the CI, for the first buy, she met petitioner's brother at an agreed upon location and purchased cocaine. For the second buy later that day, the CI claimed that she stopped at her mother's home on the way to meet petitioner's brother to get a prescription pill because petitioner's brother refused to complete the transaction without her providing him with that pill. The CI then explained that she met petitioner's brother, gave him the marked money, and he retrieved the cocaine from petitioner's trailer.

While petitioner notes that the CI did not witness him deliver cocaine to his brother for either controlled buy, the CI testified that petitioner's brother told her that petitioner was the source of the cocaine. Further, Officer Curtis Adkins of the West Virginia State Police testified that he witnessed petitioner's involvement in the second buy. According to Officer Adkins, he was watching petitioner's residence from a surveillance point approximately eighty yards away through binoculars during the second buy. After the CI gave the marked money to petitioner's brother, Officer Adkins saw petitioner's brother walk to the rear of petitioner's residence, place an article on the porch, and leave the area. Officer Adkins explained that he then saw petitioner exit his residence and retrieve the article. Petitioner then placed a package (later determined to be cocaine) from his residence on his porch where his brother picked it up and delivered it to the CI.

Testimony further revealed that a search warrant was executed on petitioner's home a few hours after the second buy. During that search, officers located more than $8,000, which included all of the marked money except one fifty dollar bill, and additional controlled substances. At the close of the State's case-in-chief and again at the close of evidence, petitioner moved for a judgment of acquittal based on insufficient evidence. The circuit court denied those motions. Ultimately, petitioner was convicted by the jury on all three counts.

In February of 2015, the circuit court held a sentencing hearing. By order entered on March 2, 2015, petitioner appears to have been sentenced to prison for a cumulative term of three to thirty-five years.[2] This appeal followed.

On appeal, petitioner first argues that the circuit court erred in denying his motion for judgment of acquittal because the evidence was insufficient to prove his guilt beyond a

---

[2]The sentencing order in the record on appeal is missing at least one page. However, the length of petitioner's prison term is not relevant to the issues raised in this appeal.

reasonable doubt on any count in the indictment. With regard to claims of sufficiency of the evidence in a criminal proceeding, we have explained that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syllabus Point 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, *State v. Malfregeot*, 224 W.Va. 264, 685 S.E.2d 237 (2009). Here, petitioner was found guilty of one count of felony conspiracy to deliver a controlled substance and two counts of delivery of a controlled substance. To convict petitioner of felony conspiracy, the State had to prove that he "agreed with others to commit an offense against the State and that some overt act was taken by a member of the conspiracy to effect the object of that conspiracy." *State v. Less*, 170 W.Va. 259, 264-65, 294 S.E.2d 62, 67 (1981); W.Va. Code § 61-10-31 (providing that "[i]t shall be unlawful for two or more persons to conspire (1) to commit any offense against the State . . . if . . . one or more of such persons does any act to effect the object of the conspiracy." The agreement to commit the crime "may be inferred from the words and actions of the conspirators, or other circumstantial evidence, and the State is not required to show the formalities of an agreement." *Less*, 170 W.Va. at 265, 294 S.E.2d at 67. To convict petitioner of delivery of a controlled substance, the State had to prove that petitioner intentionally delivered a Schedule I or II controlled substance to another person. W.Va. Code § 60A-4-401(a)(i).

In the case sub judice, petitioner argues that the evidence against him was insufficient because he was not present during the first buy and was not properly identified as the individual who placed the package on the porch during the second buy. This Court, however, disagrees. Petitioner's argument assumes that the State was required to prove his guilt by direct evidence alone. As explained above, "[a]n appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution[.]" *Malfregeot*, 224 W.Va. at 265, 685 S.E.2d at 238, syl. pt. 1, in part. Further, we have explained that

> 5. A person who is the absolute perpetrator of a crime is a principal in the first degree, and a person who is present, aiding and abetting the fact to be done, is a principal in the second degree.
>
> . . . .
>
> 8. Where a defendant is convicted of a particular substantive offense, the test of the sufficiency of the evidence to support the conviction necessarily

involves consideration of the traditional distinctions between parties to offenses. Thus, a person may be convicted of a crime so long as the evidence demonstrates that he acted as an accessory before the fact, as a principal in the second degree, or as a principal in the first degree in the commission of such offense.

. . . .

10. Proof that the defendant was present at the time and place the crime was committed is a factor to be considered by the jury in determining guilt, along with other circumstances, such as the defendant's association with or relation to the perpetrator and his conduct before and after the commission of the crime.

Syl. Pts. 5, 8, and 10, *State v. Fortner*, 182 W.Va. 345, 387 S.E.2d 812 (1989).

The testimony of the CI and Officer Adkins indicated that petitioner was the source of the cocaine delivered to the CI on two occasions on June 24, 2013. The CI testified without objection that petitioner's brother told her that petitioner was the source of the cocaine. Moreover, the officers located all of the marked money except one fifty dollar bill in petitioner's home during its search on June 24, 2013.

We find that the evidence of the second buy is particularly strong and clearly supported the finding that petitioner received the CI's marked money and provided a package of cocaine in exchange. In addition to the marked money being later located in petitioner's home, petitioner was also seen exchanging that marked money for the cocaine that his brother then delivered to the CI. Officer Adkins testified that "the individual that exited the residence [to exchange the marked money on the porch for cocaine] appeared to be David Thompson." Petitioner argues that he was not properly identified beyond a reasonable doubt as the individual who exchanged the marked money for cocaine because Officer Adkins qualified his identification with the word "appeared[.]" However, petitioner ignores Officer Adkins' testimony immediately following this statement in which he further identifies petitioner in the courtroom and by his attire. Given the context of Officer Adkins' testimony and his further identification, we find that the identification of petitioner as the individual who exchanged the marked money for cocaine was sufficient.

In sum, the evidence demonstrated that petitioner acted as an accessory before the fact in the first buy where cocaine was delivered to the CI and as a principal in the first degree to the second buy where cocaine was again delivered to the CI. The evidence also established that petitioner conspired with his brother to facilitate those deliveries of cocaine. Consequently, the evidence at trial was sufficient to convict petitioner of one count of felony conspiracy to deliver a controlled substance and two counts of delivery of a controlled substance. Therefore, we find no error in the circuit court's denial of petitioner's motion for judgment of acquittal.

Next, petitioner asserts that his constitutional right to counsel was violated because his trial counsel was ineffective during jury voir dire. Petitioner claims that his trial counsel's performance was deficient because he (1) informed the jury panel that he had law enforcement officers in his family and that he trusted them and (2) failed to pursue further questioning of potential jurors who stated that they knew the prosecuting attorney and witnesses. We first note

that petitioner's counsel fails to cite to the record on appeal to support these claims. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires a petitioner's brief to "contain appropriate and specific citations to the record on appeal[.]" Further, we have often explained that

> "It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim." Syl. pt. 10, *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992).

Syl. Pt. 4, *State v. Woods*, 194 W.Va. 250, 460 S.E.2d 65 (1995). Following our review of the parties' arguments and the record on appeal, we find that petitioner's claim of ineffective assistance of counsel is not "the extremely rare case" appropriate for review on direct appeal. The more prudent action is for petitioner to develop the record in a habeas proceeding before the circuit court.

Petitioner's third assignment of error is that the circuit court erred in refusing to strike for cause three prospective jurors. With regard to our review of juror qualifications, we follow a three-step standard of review:

> Our review is plenary as to legal questions such as the statutory qualifications for jurors; clearly erroneous as to whether the facts support the grounds relied upon for disqualification; and an abuse of discretion as to the reasonableness of the procedure employed and the ruling on disqualification by the trial court. *State v. Miller*, 197 W.Va. 588, 600-01, 476 S.E.2d 535, 547-48 (1996).

*State v. Sutherland*, 231 W.Va. 410, 412, 745 S.E.2d 448, 450 (2013).

In his briefing on this issue, petitioner's counsel again fails to properly cite to the record on appeal to support his claim. In vague terms, petitioner argues that these three prospective jurors were biased because one was a Magistrate court employee who knew Officer Young and the prosecuting attorney; one knew Officer Young from their time together in school; and one was a law enforcement officer who stated that he would be biased against petitioner. The State responds that, contrary to petitioner's assertion, the prospective juror who was a law enforcement officer and stated his clear bias against petitioner *was* struck for cause by the circuit court. The State further contends that the two remaining prospective jurors at issue were asked whether they could remain fair and impartial, and they unequivocally answered that they could.

Following a thorough review of the record on appeal, we find that none of these three prospective jurors sat on petitioner's jury. As noted by the State, one was struck for cause; the remaining two were removed by peremptory challenge. We have held that

[a] trial court's failure to remove a biased juror from a jury panel, as required by W.Va. Code § 62-3-3 (1949) (Repl.Vol.2010), does not violate a criminal defendant's right to a trial by an impartial jury if the defendant removes the juror with a peremptory strike. In order to obtain a new trial for having used a peremptory strike to remove a biased juror from a jury panel, a criminal defendant must show prejudice. The holding in Syllabus Point 8 of *State v. Phillips*, 194 W.Va. 569, 461 S.E.2d 75 (1995), is expressly overruled.

*Sutherland*, 231 W.Va. at 411, 745 S.E.2d at 449, syl. pt. 3. Further, we have explained that "*Sutherland* makes clear that unless a criminal defendant shows prejudice, a trial court does not commit reversible error when it fails to strike a juror for cause where a party uses a peremptory strike to eliminate the offending juror from the jury panel." *State v. Rollins*, 233 W.Va. 715, 729, 760 S.E.2d 529, 543 (2014). In the case sub judice, one prospective juror at issue was clearly struck for cause, which defeats the factual underpinning of petitioner's argument as to that juror. As to the two remaining prospective jurors at issue, we find that our holding in *Sutherland* controls, and petitioner's right to a fair trial was not violated because these jurors were removed by peremptory challenge. Further, petitioner fails to establish, or even address, any prejudice from the removal of those jurors from the jury panel. As such, we find no merit to petitioner's third assignment of error.

For the foregoing reasons, the circuit court's March 2, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: September 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II